# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: Wire Harness | : | Case No. 2:12-cv-00102 |
| In Re: Instrument Panel Clusters | : | Case No. 2:12-cv-00202 |
| In Re: Fuel Senders | : | Case No. 2:12-cv-00302 |
| In Re: Heater Control Panels | : | Case No. 2:12-cv-00402 |
| In Re: Bearings | : | Case No. 2:12-cv-00502 |
| In Re: Alternators | : | Case No. 2:13-cv-00702 |
| In Re: Anti Vibrational Rubber Parts | : | Case No. 2:13-cv-00803 |
| In Re: Windshield Wiper Systems | : | Case No. 2:13-cv-00902 |
| In Re: Radiators | : | Case No. 2:13-cv-01002 |
| In Re: Starters | : | Case No. 2:13-cv-01102 |
| In Re: Ignition Coils | : | Case No. 2:13-cv-01402 |
| In Re: Motor Generators | : | Case No. 2:13-cv-01502 |
| In Re: HID Ballasts | : | Case No. 2:13-cv-01702 |
| In Re: Inverters | : | Case No. 2:13-cv-01802 |
| In Re: Electronic Powered Steering Assemblies | : | Case No. 2:13-cv-01902 |
| In Re: Air Flow Meters | : | Case No. 2:13-cv-02002 |
| In Re: Fan Motors | : | Case No. 2:13-cv-02102 |
| In Re: Fuel Injection Systems | : | Case No. 2:13-cv-02202 |
| In Re: Power Window Motors | : | Case No. 2:13-cv-02302 |
| In Re: Automatic Transmission Fluid Warmers | : | Case No. 2:13-cv-02402 |
| In Re: Valve Timing Control Devices | : | Case No. 2:13-cv-02502 |
| In Re: Electronic Throttle Bodies | : | Case No. 2:13-cv-02602 |
| In Re: Air Conditioning Systems | : | Case No. 2:13-cv-02702 |
| In Re: Windshield Washer Systems | : | Case No. 2:13-cv-02802 |
| In Re: Spark Plugs | : | Case No. 2:15-cv-03002 |
| In Re: Automotive Hoses | : | Case No. 2:15-cv-12893 |
| In Re: Power Window Switches | : | Case No. 2:16-cv-03902 |
| In Re: Ceramic Substrates | : | Case No. 2:16-cv-12194 |

THIS DOCUMENT RELATES TO
AUTOMOBILE DEALERSHIP ACTIONS

**AUTO DEALERS' MOTION TO AWARD FEES PLACED IN RESERVE
IN 2016 FOR ROUND TWO SETTLEMENTS**

The Auto Dealer Plaintiffs hereby move the Court to award fees placed in reserve in 2016 for Round Two Settlements in the above matters. This motion is based upon the argument and authority set forth in the Memorandum submitted in support of this motion and on the filings and argument made in support of their motion for an award of fees in 2016. *See* 2:12-cv-00102-MOB-MKM (ECF Doc. No. 514); 2:12-cv-00102-MOB-MKM (ECF Doc. No. 514-2); 2:12-cv-00102-MOB-MKM (ECF Doc. No. 514-3).

The Auto Dealers do not request a hearing for this motion.

Dated: June 8, 2020

By: /s/ Gerard V. Mantese
Gerard V. Mantese (P34424)
**MANTESE HONIGMAN, P.C.**
1361 E. Big Beaver Road
Troy, MI 48083
Telephone: (248) 457-9200 Ext. 203
Facsimile: (248) 457-9201
gmantese@manteselaw.com

*Interim Liaison Counsel for the Automobile Dealer Plaintiffs*

Jonathan W. Cuneo
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue NW, Suite 200
Washington, Dc 20016
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
jonc@cuneolaw.com

Don Barrett
**BARRETT LAW GROUP, P.A**.
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662)834.2628
dbarrett@barrettlawgroup.com

1

Shawn M. Raiter
**LARSON KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618
sraiter@larsonking.com

*Interim Co-Lead Counsel for the Automobile Dealer Plaintiffs*

## CERTIFICATE OF SERVICE

    I, Gerard V. Mantese, hereby certify that I caused a true and correct copy of **AUTO DEALERS' MOTION TO AWARD FEES PLACED IN RESERVE IN 2016 FOR ROUND TWO SETTLEMENTS** to be served via e-mail upon all registered counsel of record via the Court's CM/ECF system on June 8, 2020.

/s/ Gerard V. Mantese
Gerard V. Mantese

2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: Wire Harness | : | Case No. 2:12-cv-00102 |
| In Re: Instrument Panel Clusters | : | Case No. 2:12-cv-00202 |
| In Re: Fuel Senders | : | Case No. 2:12-cv-00302 |
| In Re: Heater Control Panels | : | Case No. 2:12-cv-00402 |
| In Re: Bearings | : | Case No. 2:12-cv-00502 |
| In Re: Alternators | : | Case No. 2:13-cv-00702 |
| In Re: Anti Vibrational Rubber Parts | : | Case No. 2:13-cv-00803 |
| In Re: Windshield Wiper Systems | : | Case No. 2:13-cv-00902 |
| In Re: Radiators | : | Case No. 2:13-cv-01002 |
| In Re: Starters | : | Case No. 2:13-cv-01102 |
| In Re: Ignition Coils | : | Case No. 2:13-cv-01402 |
| In Re: Motor Generators | : | Case No. 2:13-cv-01502 |
| In Re: HID Ballasts | : | Case No. 2:13-cv-01702 |
| In Re: Inverters | : | Case No. 2:13-cv-01802 |
| In Re: Electronic Powered Steering Assemblies | : | Case No. 2:13-cv-01902 |
| In Re: Air Flow Meters | : | Case No. 2:13-cv-02002 |
| In Re: Fan Motors | : | Case No. 2:13-cv-02102 |
| In Re: Fuel Injection Systems | : | Case No. 2:13-cv-02202 |
| In Re: Power Window Motors | : | Case No. 2:13-cv-02302 |
| In Re: Automatic Transmission Fluid Warmers | : | Case No. 2:13-cv-02402 |
| In Re: Valve Timing Control Devices | : | Case No. 2:13-cv-02502 |
| In Re: Electronic Throttle Bodies | : | Case No. 2:13-cv-02602 |
| In Re: Air Conditioning Systems | : | Case No. 2:13-cv-02702 |
| In Re: Windshield Washer Systems | : | Case No. 2:13-cv-02802 |
| In Re: Spark Plugs | : | Case No. 2:15-cv-03002 |
| In Re: Automotive Hoses | : | Case No. 2:15-cv-12893 |
| In Re: Power Window Switches | : | Case No. 2:16-cv-03902 |
| In Re: Ceramic Substrates | : | Case No. 2:16-cv-12194 |

THIS DOCUMENT RELATES TO
AUTOMOBILE DEALERSHIP ACTIONS

**AUTO DEALERS' MEMORANDUM IN SUPPORT OF
MOTION TO AWARD FEES PLACED IN RESERVE
IN 2016 FOR ROUND TWO SETTLEMENTS**

Gerard V. Mantese (P34424)
**Mantese Honigman, P.C.**
1361 E. Big Beaver Road
Troy, MI 48083
Telephone: (248) 457-9200 Ext. 203
gmantese@manteselaw.com

*Interim Liaison Counsel for The Automobile Dealer Plaintiffs*

Jonathan W. Cuneo
**Cuneo Gilbert & LaDuca, LLP**
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com

Don Barrett
**Barrett Law Group, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
dbarrett@barrettlawgroup.com

Shawn M. Raiter
**Larson King, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618
sraiter@larsonking.com

*Interim Co-Lead Counsel for The Automobile Dealer Plaintiffs*

**Statement of the Issues Presented**

1. Should the Court award to counsel for the Auto Dealers the attorneys' fees held in reserve for the Round Two settlements since 2016?

    **Answer:** Yes.

**Controlling or Most Appropriate Authorities**

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (6th Cir. 1974)

*In re Delphi Corp. Sec., Derivative & ERISA Litig.*, 248 F.R.D. 483 (E.D. Mich. 2008)

## Table of Contents

**Page**

Statement of Issues Presented ................................................................................................i

Controlling or Most Appropriate Authorities ......................................................................ii

Table of Authorities ............................................................................................................iv

Introduction ..........................................................................................................................1

Background ..........................................................................................................................1

       A.     The Court's Consideration of Attorneys' Fees in 2016 .........................................1

       B.     Round Two Auto Dealer Settlements ....................................................................2

       C.     Fee Awards Subsequent to November 2016 .........................................................3

Argument ..............................................................................................................................3

I.      The Court Should Authorize the Award of the Fees Held in Reserve Since 2016 For the Round Two Auto Dealer Settlements ..........................................................................3

Conclusion ............................................................................................................................5

## Table of Authorities

Page(s)

**Cases**

*Bessey v. Packerland Plainwell, Inc.*, No. 4:06-CV-95, 2007 WL 3173972 (W.D. Mich. 2007)......4

*In re Delphi Corp. Sec., Derivative & ERISA Litig.*, 248 F.R.D> 483 (E.D. Mich. 2008).........ii, 4

*In re National Century Financial Enterprises, Inc. Investment Litig.*, 2009 WL 1473975
(S.D. Ohio, May 27, 2009)................................................................................................4

*In re Packaged Ice Antitrust Litig.*, 08-MDL-01952, 2011 WL 6209188
(E.D. Mich. Dec. 13, 2011) ...............................................................................................4

*In re Prandin Direct Purchaser Antitrust Litig.*, 2015 WL 1396473 (E.D. Mich. Jan. 20, 2015) .....4

*In re Skelaxin (Metaxalone) Antitrust Litig.*, 2014 WL 2946459 (E.D. Tenn. June 30, 2014).......4

*In re Southeastern Milk Antitrust Litig.*, 2013 WL 2155387 (E.D. Tenn. May 17, 2013)...............4

*Kogan v. AIMCO Fox Chase, L.P.*, 193 F.R.D. 496 (E.D. Mich. 2000) ..........................................4

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (6th Cir. 1974) ..................................ii, 4

*Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513 (6th Cir. 1993)..............................4

*Thacker v. Chesapeake Appalachia, L.L.C.* 695 F. Supp. 2d 521 (E.D. Ky. 2010) ..........................4

## Introduction

The Auto Dealers have disbursed the initial settlement funds from the first three rounds of the settlements approved by the Court. They are also preparing to disburse the funds held in reserve for those settlements. Some dealership groups have already received millions of dollars from these settlements and numerous others have received hundreds of thousands of dollars. The Round Four settlement funds will be disbursed to eligible automobile dealerships in the next few months. As a result, the Auto Dealers have nearly completed their portion of this litigation.

Counsel for the Auto Dealers move the Court to award money held in reserve since 2016 for a potential attorneys' fees award. In 2016, the Court had not decided how it would consider and award attorneys' fees to class counsel when settlements were achieved. The Court requested briefing from the plaintiffs' groups about how fees should be awarded as this litigation progressed and additional settlements were reached.

At the November 2016 final approval hearing for the Auto Dealers' Round Two settlements, the Court granted an interim fee award of 20 percent of the settlement funds, while it considered how it would handle future fee awards. The Court directed counsel for the Auto Dealers to hold in reserve the difference between the 20 percent award and the fees they had sought. The subsequent fee awards granted by the Court all equaled or exceeded 30 percent. Interim Class Counsel for the Auto Dealers hereby seeks an award of the reserved 10 percent of the Round Two settlements.

## Background

### A. The Court's Consideration of Attorneys' Fees in 2016.

Following the final approval of the first groups of settlements reached by the various plaintiff groups, the Court requested supplemental briefing about how attorneys' fee awards should be made and analyzed in this litigation. Each of the three main groups of plaintiffs (Direct Purchasers, Auto Dealers, and End Payors) submitted briefs, declarations, and other materials for the Court's consideration. (*See* 2:12-md-02311-MOB-MKM (ECF Doc. No. 1398); 2:12-md-02311-MOB-MKM (ECF Doc. No. 1399); 2:12-cv-00103-MOB-MKM (ECF Doc. No. 491)).

At the November 2016 status conference, the Court heard motions for final approval of numerous settlements presented by the End Payors and Auto Dealers. When considering the requests for an award of attorneys' fees and expenses from the settlements of the plaintiff's groups, the Court indicated that it had not yet concluded what percentage it would award as fees and would instead award a minimum amount: "But in further consideration of this I have decided to do this until I make the final percentage and that is to give you 20 percent." (Transcript of Status Conference, Motion Hearing, Final Approval Hearing - November 16, 2016, p. 25) ("November 2016 transcript").

### B. Round Two Auto Dealer Settlements.

In the second round of Auto Dealer settlements ("Round Two settlements") the Court granted final approval to settlements totaling nearly $125 million. The notices approved by the Court for those settlements advised that counsel for the Auto Dealers would seek up to one-third (33.33 percent) of the settlement funds as attorneys' fees. (*See* 2:12-cv-00102-MOB-

2

MKM (ECF Doc. No. 519-2, pp. 22-23). No class member objected to a 33.33 percent fee or to the terms of the settlements. (*See* 2:12-cv-00102-MOB-MKM (ECF Doc. No. 519-2, para. 8); 2:12-cv-00102-MOB-MKM (ECF Doc. No. 521, para. 3).

During the November 16, 2016 hearing on the Auto Dealers' motion for final approval of the Round Two settlements, the Court granted counsel for the Auto Dealers an interim award of 20 percent of the settlement funds (after the deduction of notice and claim processing costs) and allowed the other requested fees to be placed in reserve. (*See* November 2016 transcript, p. 134). The Court's November 29, 2016 order stated:

> As the Court indicated during the hearing on this motion and at the November 16, 2016 status conference, the Court reserves ruling on the Auto Dealers' request for additional fees from these settlements. The Court may, or may not, grant additional fees from these settlements. Interim Co-Lead Counsel for the Auto Dealers are authorized to hold in reserve the difference between the fees requested in this motion and the fees currently awarded by the Court.

(*See* 2:12-cv-00102-MOB-MKM (ECF Doc. No. 523, p. 6). That fee award resulted in a negative multiplier of counsel for the Auto Dealer's lodestar. *Id.*, para. 15.[1]

### C.     Fee Awards Subsequent to November 2016.

When considering motions seeking awards of attorneys' fees since November 2016, the Court has consistently awarded 30 percent or more of the settlement funds after the deduction of notice and administration expenses. (*See, e.g.*, 2:12-cv-00102-MOB-MKM (ECF Doc. No. 568, para. 9) (30 percent); 2:12-cv-00101-MOB-MKM (ECF Doc. No. 495, para. 22) (30 percent); 2:12-cv00102-MOB-MKM (ECF Doc. No. 401, para. 11) (33 percent)).

---

[1] When the 20 percent fee award was added to the fees awarded in Round One settlements, the Auto Dealers were awarded $43,446,364.00 when their lodestar totaled $48,406,000.00. (November 2016 transcript, p.132). This results in a negative, or .89, multiplier of the lodestar.

3

**Argument**

**I.    The Court Should Authorize the Award of the Fees Held in Reserve Since 2016 For the Round Two Auto Dealer Settlements.**

In 2016, the Court had not determined the amount it would award in fees for settlements reached by the various plaintiff groups. It subsequently awarded 30 percent or more in all settlements presented by the Direct Purchasers, End Payors, and Auto Dealer groups for final approval. Interim Co-Lead Counsel for the Auto Dealers respectfully suggest that the same percentage should apply to the Round Two settlements and, as a result, request an award allowing the reserved 10 percent of the Round Two settlements.

During the November 2016 final approval process, the Court analyzed and weighed the six factors described in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (6th Cir. 1974) and *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). It also considered the briefing, billing records, and other information provided by counsel for the Auto Dealers. (*See* 2:12-cv-00102-MOB-MKM (ECF Doc. No. 523). The Court heard argument and recognized that fee awards of 33.33 percent were within the range of fee awards made by courts in this Circuit. *Id.* (citing *In re Prandin Direct Purchaser Antitrust Litig.*, 2015 WL 1396473 (E.D. Mich. Jan. 20, 2015) (awarding one-third of the fund); *In re Packaged Ice Antitrust Litig.*, 08-MDL-01952, 2011 WL 6209188, at *19 (E.D. Mich. Dec. 13, 2011); *In re Skelaxin (Metaxalone) Antitrust Litig.*, 2014 WL 2946459, *1 (E.D. Tenn. Jun. 30, 2014); *In re Southeastern Milk Antitrust Litig.*, 2013 WL 2155387, at *8 (E.D. Tenn. May 17, 2013); *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d, 521, 528 (E.D. Ky. 2010); *Bessey v. Packerland Plainwell, Inc.*, No. 4:06-CV-95, 2007 WL 3173972, at *4 (W.D. Mich. 2007); *In re Delphi Corp. Sec., Derivative & ERISA Litig.*, 248 F.R.D. 483, 502-503 (E.D. Mich. 2008); *In re National Century*

4

*Financial Enterprises, Inc. Investment Litig.*, 2009 WL 1473975 (S.D. Ohio, May 27, 2009); *Kogan v. AIMCO Fox Chase, L.P.*, 193 F.R.D. 496, 503 (E.D. Mich. 2000)).

Awarding to counsel for the Auto Dealers the reserved 10 percent is proper for numerous reasons. First, no class member objected to a request for a 33.33 percent fee: awarding a total of 30 percent conforms to the notice provided to the classes. Second, a 30 percent fee for Round Two settlements would equal the awards allowed in the Round Three and Round Four settlements the Auto Dealers attained. Third, allowing the additional 10 percent is consistent with the awards issued to the other plaintiff groups after November 2016. Finally, allowing the reserved 10 percent would move the Auto Dealers' lodestar multiplier for Round Two settlements from a negative .89 to a slightly positive multiplier of approximately 1.15. *See* 2:12-cv-00102-MOB-MKM (ECF Doc. No. 514); 2:12-cv-00102-MOB-MKM (ECF Doc. No. 514-2); 2:12-cv-00102-MOB-MKM (ECF Doc. No. 514-3).

The Auto Dealers, with the assistance of the claim administrator, have made the initial payments to dealerships who submitted eligible claims in the Round Two settlements. The Auto Dealers have also paid the Round One and Round Three claims and are nearly ready to distribute the settlement funds held in reserve (pursuant to the allocation plans approved by the Court) for each of those three rounds. As reported during prior hearings, there has been a high rate of claim participation from eligible auto dealerships in each round. In fact, claim participation has increased in each round, which counsel for the Auto Dealers attribute to the excellent results achieved in this litigation.

## Conclusion

For the foregoing reasons, Interim Co-Lead Counsel for the Auto Dealers respectfully requests that the Court grant their motion to award the Round Two fees held in reserve since 2016.

Dated: June 8, 2020

By: /s/ Gerard V. Mantese
Gerard V. Mantese (P34424)
**MANTESE HONIGMAN, P.C.**
1361 E. Big Beaver Road
Troy, MI 48083
Telephone: (248) 457-9200 Ext. 203
Facsimile: (248) 457-9201
gmantese@manteselaw.com

*Interim Liaison Counsel for the Automobile Dealer Plaintiffs*

Jonathan W. Cuneo
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue NW, Suite 200
Washington, Dc 20016
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
jonc@cuneolaw.com

Don Barrett
**BARRETT LAW GROUP, P.A**.
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662)834.2628
dbarrett@barrettlawgroup.com

        Shawn M. Raiter
        **LARSON KING, LLP**
        2800 Wells Fargo Place
        30 East Seventh Street
        St. Paul, MN 55101
        Telephone: (651) 312-6500
        Facsimile: (651) 312-6618
        sraiter@larsonking.com

        *Interim Co-Lead Counsel for the Automobile Dealer Plaintiffs*

## CERTIFICATE OF SERVICE

    I, Gerard V. Mantese, hereby certify that I caused a true and correct copy of **AUTO DEALERS' MEMORANDUM IN SUPPORT OF MOTION TO AWARD FEES PLACED IN RESERVE IN 2016 FOR ROUND TWO SETTLEMENTS** to be served via e-mail upon all registered counsel of record via the Court's CM/ECF system on June 8, 2020.

        /s/ Gerard V. Mantese
        Gerard V. Mantese